IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. 5:18-cr-17-DCB-LRA

CORTEZ WHIRL                                              DEFENDANT

## ORDER

This matter is before the Court on Defendant Cortez Whirl's Motion for Compassionate Release [ECF No. 44], Motion to Appoint Counsel [ECF No. 48], and Motion for Discovery [ECF No. 49]. Having read the Motions, memorandum in support, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

## Background

On March 1, 2019, Defendant Whirl entered a guilty plea to one count of possession of a controlled substance (actual methamphetamine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On June 6, 2019, this Court sentenced Whirl to 125 months imprisonment to be followed by five years of supervised release, a partial fine of $1,500.00, and a mandatory special assessment of $100.00. [ECF NO. 42]. The Bureau of Prisons ("BOP") projects Whirl's release date to be August 14, 2027. Whirl is currently serving his sentence at USP-Beaumont in Beaumont, Texas. [ECF No. 56] at 2. Since his incarceration,

1

Whirl has been diagnosed with allergies and kidney stones. Counsel for the Defendant asserts that Whirl has completed his GED and has not had any disciplinary write-ups while incarcerated, a commendable achievement.

## Discussion

"A court, on motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" United States v. Chambliss, 948 F.3d 691, 692–93 (5th Cir. 2020)(citing 18 U.S.C. § 3582(c)(1)(A)(i)). Compassionate release is not mandatory but falls within the district court's discretion. A court may refuse to grant compassionate release after weighing the sentencing factors of 18 U.S.C. § 3553(a). Id. at 693. Generally, it is the defendant's burden to demonstrate that he satisfies the requirements for compassionate release. United States v. Johnson, Crim. No. 2:13-231, 2020 WL 3000500, at *2 (S.D. Tex. June 2, 2020).

**Administrative Remedies**

Before filing a compassionate release motion, prisoners must exhaust their administrative remedies in one of two ways:

1. Prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the Bureau of Prison's decision not to file a motion for compassionate release, or

2. Prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility ..."

18 U.S.C. § 3582(c)(1)(A). The statute does not provide an exception to this mandatory statutory exhaustion requirement, equitable or otherwise. See United States v. Koons, No. CR 16-214-05, 2020 WL 1940570, at *3 (W.D. La. Apr. 21, 2020). "If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute." United States v. Martin, Crim. No. 3:16-cr-70-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June. 9, 2020). To "fully exhaust all administrative remedies" under § 3582(c)(1)(A), an inmate who is not satisfied with the Warden's response:

> "may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.... Appeal to the General Counsel is the final administrative appeal."

Martin, 2020 WL 3065302, at n.2 (citing 28 C.F.R. § 542.15(a)); see also United States v. Early, No. 19-92, 2020 WL 2572276, at *2 (W.D. Pa. May 21, 2020).

On April 15, 2020, Whirl submitted his request for compassionate relief with the Warden at USP-Beaumont. [ECF No. 52] at 6. Five days later, on April 20, 2020, Whirl filed this Motion without waiting the 30 days required by 18 U.S.C. § 3582(c)(1)(A)(i). BOP records show that Whirl's request for compassionate release was received in the Warden's Office on April 30, 2020. See id. On May 19, 2020, the Warden issued a written rejection of the Defendant's request. Whirl has submitted a declaration to the Court which states that he filed an appeal of the warden's decision and that thirty days have passed without a response.

Inasmuch as the administrative procedural posture is not clear to the Court – absent exhibits or attachments showing Whirl's request for relief, the Warden's denial, and Whirl's subsequent appeal – the Court will, in the alternative, deny the Motion on the merits.

**Extraordinary and Compelling Reasons**

Title 28 of the United States Code, section 994(t), states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe

4

what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Accordingly, the Sentencing Commission has provided four narrow categories of extraordinary and compelling grounds that could warrant compassionate release:

(A) **Medical Condition of the Defendant.**

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, Application Note 1.

The Court need not examine whether Whirl may be released for family circumstances, as he has not alleged any, or as a result of his age, as Whirl is only thirty-eight years old. Additionally, the Court does not find that other reasons warrant reduction as the Warden did not find any when denying Whirl's request for release. Therefore, the Court will determine whether Whirl suffers from a medical condition that could allow the Court to afford him the relief he seeks.

Whirl asserts that he has been diagnosed with "allergies and kidney stones." [ECF No. 56] at 2. Neither of these medical claims are a terminal illness, a serious physical or medical condition, or a serious functional or cognitive impairment. Additionally, neither of his medical concerns – allergies or kidney stones – are within the category of underlying conditions

that would put him in a higher risk for severe illness upon contracting the COVID-19 virus.[1]

While Whirl argues that COVID-19 creates an extraordinary and compelling circumstance justifying his release from prison, the Defendant does not allege that he is within the category of individuals who are at high risk for serious illness or death resulting from COVID-19, i.e., those with certain underlying conditions and those who are classified as elderly. "A generalized fear of contracting COVID-19 does not justify compassionate release." United States v. Perez-Serrano, No. 5:13-cv-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020). Accordingly, the Court finds that the Defendant has failed to demonstrate extraordinary and compelling reasons that would warrant a reduction in his sentence.

Furthermore, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the Defendant's Motion for Compassionate Release must be denied. Defendant Whirl pleaded guilty to a serious crime and is at the beginning of a substantial sentence of imprisonment. Whirl was sentenced on June 6, 2019 and is projected to be released in August of 2027. The undersigned finds that release at this time, which would

---

[1] See Centers for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed July 8, 2020)

constitute approximately a year of his eight-year sentence, would not "reflect the seriousness of the offense, … promote respect for the law, and … provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

**Motion for Discovery**

Whirl also requests "Discovery or any evidence" pertaining to his case, alleging that his attorney never produced or provided him with discovery. Whirl pleaded guilty to a violation of Title 21, United States Code, Section 841(a)(1) on March 1, 2019.

"There is no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). When a defendant pleads guilty he "forgoes not only a fair trial" but also "other accompanying constitutional guarantees." United States v. Ruiz, 536 U.S. 622, 628 (2002). Whirl has provided no reason for his request for discovery, other than his claim that he had not seen it before pleading guilty. Whirl does not have a pending appeal or habeas petition. Inasmuch as Whirl is not seeking any relief connected to his discovery request, the Court finds that the Defendant's Motion for Discovery [ECF No. 49] should be DENIED.

**Motion to Appoint Counsel**

The Chief Judge of the Southern District of Mississippi entered a General Administrative Order which appoints the

8

Federal Public Defender for the Southern District of Mississippi to represent certain defendants who are seeking compassionate release. [ECF No. 45]. In this case, Honorable Jacinta A. Hall of the Federal Public Defenders office was appointed to represent Mr. Whirl on May 20, 2020. [ECF No. 50]. Accordingly, his Motion to Appoint Counsel [48] is DENIED AS MOOT.

    Accordingly,

    IT IS HEREBY ORDERED that Whirl's Motion for Compassionate Release [ECF No. 44] is DENIED;

    IT IS FURTHER ORDERED that the Motion for Discovery [ECF No. 49] is DENIED;

    IT IS FURTHER ORDERED that the Motion to Appoint Counsel [ECF No. 48] is DENIED AS MOOT.

    SO ORDERED this the 9th day of July, 2020.

    _/s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE