IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES                                                    PLAINTIFF

v.                              CIVIL ACTION NO. 5:18-cr-17-DCB-LRA

CORTEZ WHIRL                                                     DEFENDANT

ORDER ON MOTION FOR RECONSIDERATION

BEFORE THE COURT is Cortez Whirl ("Defendant")'s Motion for Reconsideration, or Alternatively Motion to Amend the Filing Pursuant to 18 U.S.C. § 3582, or Alternatively a Filing Pursuant to Rule 59(e), to Correct a Judgment ("Motion") [ECF No. 71]. The Court having examined the Motion, the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds as follows:

I. Background

On March 1, 2019, Defendant entered a guilty plea on a single count indictment of possession with intent to distribute more than 50 grams of methamphetamine. [ECF No. 34]. As a result, the Defendant faced a mandatory minimum sentence of 120 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Defendant received a two-level enhancement in his sentencing guideline calculation as the offense indicated importation of methamphetamine. [ECF No. 39]. On June 6, 2019, the Court sentenced

1

Defendant to a 125-month term of imprisonment to be followed by a 5-year term of supervised release. [ECF No. 42].

On April 20, 2020, Defendant filed his first Motion for Compassionate Release. [ECF No. 44]. This Court denied that motion, concluding that although the "administrative [exhaustion] procedural posture" was unclear, Defendant failed to demonstrate extraordinary and compelling reasons to warrant a reduction in his sentence. [ECF No. 62].

On November 13, 2020, Defendant filed a Motion to Appoint Appeal Counsel regarding his compassionate release case. [ECF No. 63]. This Court denied it as untimely. [ECF No. 64]. On September 19, 2022, Defendant filed a similar motion, which the Court also denied. [ECF No. 67].

On July 3, 2023, Defendant filed Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 69]. After liberally construing the motion under § 3582(c)(2), the Court denied the motion because Defendant did not cite the Sentencing Commission amending or lowering the sentencing range applicable to § 2D1.1(b)(5). [ECF No. 70]. Moreover, the Court cited the Sentencing Hearing whereby the Court cited the sentencing factors set forth under 18 U.S.C. § 3553(a). [Id.].

In the instant Motion, Defendant moves the Court to reconsider its ruling on his Motion to Reduce Sentence. Defendant first

2

alleges that the Court "'missed the mark' or somehow did misconstrue Petitioner's overall intent" in his Motion to Reduce Sentence. [ECF No. 71] at 5. Defendant further cites proposed amendments to the Sentencing Guidelines issued by the Sentencing Commission, including proposals to § 4A1.1(d) and § 2D1.1. [ECF No. 71].

II. Analysis

A petition for reconsideration of a district court order "is nowhere explicitly authorized in the Federal Rules of Criminal Procedure," but courts have recognized that "it is undoubtedly a legitimate procedural device." United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). Indeed, the "Supreme Court has repeatedly expressly sanctioned the use of motions for reconsideration in criminal proceedings." Id. When analyzing motions for reconsideration in a criminal matter, courts look to the standards under Federal Rule of Civil Procedure 59(e). United States v. CITGO Petrol. Corp., 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment," Templet v. Hydrochem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."

3

Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)); see also Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." Texaco Exploration and Production Inc. v. Smackco, 1999 WL 539548, at *1 (E.D. La. 1999); see also Joe v. Minnesota Life Ins. Co., 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003).

Reconsideration is an "extraordinary remedy that should be used sparingly," Templet, 367 F.3d at 479, over which a district court has considerable discretion to grant or to deny. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). This is so, because "where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted, to battle for it again." Brown v. Del Pozo, 2019 WL 1301970, at *2 (N.D. Miss. Mar. 21, 2019) (citing Lexington Ins. Co. v. ACE Amer. Ins. Co., 192 F. Supp. 3d 712, 714 (S.D. Tex. June 14, 2016)).

A movant's burden in seeking to overturn a court's judgment is a heavy one, to which a movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).

A defendant may seek a reduced sentence if he was sentenced based on a guidelines range that the Sentencing Commission has amended or lowered. 18 U.S.C. § 3582(c)(2). In deciding whether to grant a reduction, courts also consider the factors in 18 U.S.C. § 3553(a) and if the reduction follows the Commission's applicable policy statements. Id.

Defendant alleges the Court "missed the mark or somehow did misconstrue Petitioner's overall intent" in his original motion for reduced sentence. [ECF No. 71] at 5. The Court denied the original motion because Defendant did not show the Sentencing Commission has amended or lowered the sentencing range applicable to U.S.S.G. § 2D.1(b)(5). [ECF No. 69]. Instead, Defendant cited other courts that sentenced defendants without relying on U.S.S.G. § 2D1.1(b)(5). [ECF No. 70] at 3-4. In the instant motion, Defendant attempts to "clarify" his position by making new arguments that could have been offered or raised before the entry

of judgment; namely, citing proposed amendments to §§ 4A1.1 and 2D1.1(b)(5). [ECF No. 71].

The proposed amendment addresses "status points" for offenders under U.S.S.G. § 4A1.1(d), which currently adds "2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(d). The amendment deletes subsection (d) and proposes to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsection (a) through (d), and (2) committed the instant offense while under any criminal judge sentence, including probation, parole, supervised release, imprisonment, work release, or escape states." Fed. Reg. 28,254, 28,270 (May 3, 2023). The proposed amendment also addresses technical changes to the drug conversion tables under § 2D1.1. Id. at 28, 281. The Sentencing Commission submitted the amendments to the Sentencing Guidelines on April 27, 2023, effective November 1, 2023, and voted to make the amendments apply retroactively on August 24, 2023. United States Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_prelim-retro.pdf (August 24, 2023).

Here, Defendant fails to satisfy his heavy burden to overturn the Court's judgment. Essentially, the instant motion is an attempt by Defendant to reshape his original argument to fit the requisite showing under 18 U.S.C. § 3582(c)(2). See [ECF No. 71] at 6 ("Petitioner . . . begs the Court's indulgence by allowing Petitioner to better articulate; clarify; and set[]forth the []intended premise of his filing.") Motions for reconsideration are not proper vehicles to reshape original assertions to fit arguments already considered by the Court. See Templet, 367 F.3d at 479.

Even if Defendant attempted to make a requisite showing under Rule 59(e), the Court still finds the instant motion to be premature. The proposed amendments are not scheduled to become effective until November 1, 2023, and the proposed amendments take effect "only if the amendments aren't modified or disapproved of by Congress." United States v. Hernandez, 2023 WL 5354163, at *2 n.17 (W.D. Tex. July 7, 2023) (quoting United States v. Brummett, No. 4:21-cr-3080, 2023 WL 3319713, at *1 (D. Neb. May 9, 2023)). "Absent action of the Congress to the contrary, submitted amendments become effective by operation of law on the date specified by the commissioner (generally November 1 of the year in which the amendments are submitted to Congress)." Fed. Reg. 28,254, 28,254 (May 3, 2023). A proposed amendment absent an action of the Congress is not an intervening change in controlling law,

7

previously unavailable evidence, or a clear error of law that would satisfy the burden under Rule 59(e).

Finally, the Court is granted considerable discretion in granting or denying a motion for reconsideration. Edward H. Bohlin Co., 6 F.3d at 355. The Court properly denied the original motion because Defendant did not satisfy his burden under § 3582(c)(2). Moreover, even had the Court erred in sentencing Defendant based on a miscalculation, the Court confirmed on the record at Defendant's sentencing hearing that it would have imposed an "identical sentence pursuant to a variance based upon the offense conduct, the characteristics of this defendant, and the other sentencing factors -- and all sentencing factors set forth in 18 United States Code, 3553(a)." [ECF No. 70] at 4. Therefore, the Court will deny Defendant's Motion.

### IV. Conclusion

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion [ECF No. 71] is DENIED.

SO ORDERED, this 6th day of October, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE